# IN THE
# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Attachment 1

**Plaintiff**
Carl H. von Hugo
53 Thornton Road, Chestnut Hill
MA 02467, USA (Brookline resident since 1990)
Phone 617 469 9600

-against-

**Defendant**
**FORMAS**
(The Swedish Research Council for Environment,
Agricultural Sciences and Spatial Planning)
P.O. Box 1206, SE-111 82 Stockholm, Sweden

CIVIL ACTION

No. _____

## COMPLAINT

### Parties

1. The Plaintiff is a legal resident of Brookline, Norfolk County, Massachusetts, since 1990.

2. The Defendant, Formas, is an autonomous Swedish Government Agency, with its headquarters in Stockholm, Sweden.

### Jurisdiction

3. The jurisdiction of this Court is invoked pursuant to 28 U.S. Code § 1331 due to the Defendant's deprivation of the Plaintiff's rights (*Attachment 5*, Docs. 26, 30, 31, 33, 34, 35, 37, 38, 39, 40, 42, 44),

   and 28 U.S. Code § 1332 due to diversity of citizenship and because the amount of controversy is in excess of $75,000.

## Facts

4. The Defendant has disputed the Plaintiff's claim of 6/25/2014 for $5,272,677, and the replacing claim of 7/14/2014 for $5,322,081, and the replacing claim of 8/25/2014 for $5,467,142 on 8/25/2014, by which the first claim remained undisputed for 60 days, and the second replacing claim was undisputed for 42 days, while the third replacing claim was disputed the same day, indicating the Defendant's varied stance toward the Defendant's liability for the Defendant's and Plaintiff's legal and economic relationship since 1994.

5. The Plaintiff and the Defendant, then named the Swedish Council for Building Research, BFR, entered an Agreement of May 31, 1994, on the Plaintiff's submission of a proposal to the U.S. Department of Energy, DOE, for cooperation between the Defendant and DOE, based on the Plaintiff's work and residence in the U.S., and association with ten Universities.

6. On 7/20/1994 the Defendant paid the first portion, 39% of the agreed total amount, as of the Plaintiff's invoice of 6/7/1994, acknowledging the Agreement and the Plaintiff's billing, while the Defendant on 6/15/1994 had changed the billing into an internally treated grant application without the Plaintiff's approval and participation due to the Defendant's accounting system.

7. As above, 4., the Defendant has concluded to deny the Plaintiff the complete payment for agreed and accordingly fulfilled work, related costs, and interest, pertaining to the successful mediation of the cooperation proposal to DOE.

8. The Defendant wrongfully denied the agreed payment because of unrelated internal funding constraints, which led to the closing of the Swedish Council for Building Research, BFR, and merger into Formas on 1/1/2001.

9. On 2/20/2001 Formas confirmed the unequivocal and full transfer of responsibility from BFR to Formas, encompassing all of BFR's business, policies, and opinions as of 1/1/2001. Henceforth, Formas is fully responsible.

10. The Plaintiff has no responsibility for these decisions by the Defendant's Commissioner (the Swedish Government), and the Plaintiff cannot be held liable in any way by the Defendant for detrimental effects imposed on the Defendant.

11. The Defendant has thence since year 2000 wrongfully denied the Plaintiff access to U.S. Courts, by vowing not to respond to Foreign Courts, and in particular, not to appear before a U.S. Court while asserting that any U.S. ruling in the Plaintiff's favor would not be possible to excise in Sweden.

12. The Defendant has sustained long-term damage to the Plaintiff by willful intransigence to and obstruction of the Plaintiff's many repeated requests to make the Defendant available to respond to the Plaintiff's claim at a U.S. Court.

13. The Defendant injured the Plaintiff's professional relations in the U.S. relative the U.S. Department of Energy and the ten Universities associated with the project by the Defendant's misleading presentation of the Defendant's intentions to the U.S. Department of Energy while lacking financial means for their realization.

14. **The shutdown of the 40-year old BFR, as the Defendant's first organization, reflects the discontent the Swedish Government harbored toward the Defendant's source organization, by which the Plaintiff's claim for the Defendant's violation of the Plaintiff's rights and property has been stated in context of the Defendant's validated shortcomings.**

15. **The Defendant has intermittently changed between acceptance, rejection, acknowledgment, and ignorance of the Plaintiff's claim.**

16. **The Defendant has drawn systematic support from the Swedish Government for the deprivation of the Plaintiff's rights under U.S. jurisdiction. The Plaintiff has thus filed complaints to be rejected twice by Ms. Laila Freivalds, first as Minister for Justice asked to correct the Defendant according to the stance taken by the Swedish Anti-Corruption Institute, then as Minister for Foreign Affairs, before she was forced to resign due to deceit in 2006. In 2004 the Plaintiff's complaint about the Defendant's defiance of Foreign Courts, and U.S. Courts in particular, was dismissed by then Chancellor of Justice Göran Lambertz, who subsequently became embroiled in modern Sweden's still ongoing and most somber justice scandal. Henceforth, Minister for Foreign Affairs Carl Bildt, failed to intervene, and end the Defendant's rejection of the Plaintiff's rights under U.S. jurisdiction, altogether delaying the Plaintiff's right to have his complaints heard.**

# RELIEF

In respect, the Plaintiff asks the Court to decide that the Defendant is obligated to compensate the Plaintiff for Invoice 8/25/2014 with added delinquency interest, as applied, and compensation for ensuing work, costs, and interest, amounting to $6,839,586 as of April 30, 2015, with the total amount adjusted according to the accrued work, costs, and further delinquency interest at the time of the judgment.

In addition, the Court is respectfully asked to decide on the long-held obstacles the Defendant raised against the Plaintiff's requests for the Defendant to remove the vow not to respond to a U.S. Court, thereby depriving the Plaintiff a legal process under U.S. jurisdiction, as motivated by both the Defendant's actions in the U.S., and the Plaintiff's permanent residence.

Finally, the Court is asked by the Plaintiff to rule on the Defendant's systematic and long-term evasion of responsibilities.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, and such other relief, as this Court deems just.

The Plaintiff demands a trial by jury.     Date   5/27/2015

Signature   *CARLHUGO*

Name       Carl H. von Hugo

Address    53 Thornton Road
           Chestnut Hill, MA 02467

Phone      #617 469 9600